GERGACZ ET UX. *v.* MUESSEL.

[No. 13,286. Filed January 10, 1929. Rehearing denied April 19, 1929.]

*Jones & Obenchain,* for appellants.
*Hammond & Taylor,* for appellee.

NICHOLS, J.—Action to recover $2,200 alleged to have been promised by appellants to appellee in consideration of, and on the condition that, appellee vacate certain leased premises, and surrender her lease thereto, and redeliver to appellants certain goods and chattels previously sold by appellants to appellee.

From judgment rendered in favor of appellee and against both appellants, this appeal, appellants assigning only error in the conclusions of law.

It appears by the special finding that appellants were, and are now, husband and wife; that on September 29, 1924, appellants were the owners of certain real estate in the city of South Bend, Indiana, consisting of a lot on which was a three-story brick building, and on September 29, 1924, they leased to appellee the second and third stories thereof to be occupied for lodging, hotel and residence purposes, from October 1, 1924, until October 1, 1929; that appellee went into possession of said leased premises on October 1, 1924, and, on November 24 following, appellants, by a conditional sales agreement, sold to appellee certain furniture and furnishings in said leased premises for $5,600, and on the same date, appellee paid to the appellants $2,200 in cash to apply on said purchase price; that appellee continued to hold and occupy said leased premises until January 31, 1925; that on January 29, 1925, appellant Steve Gergacz, for himself and as agent for his wife, offered to appellee that if she would surrender her said lease and the furniture so sold to her, they would refund to her $2,200 paid by her on said furniture; that the wife had full knowledge of said promise on the part of her husband and acquiesced therein; the offer by appellants was accepted by appellee on January 29, 1925; that on January 31, 1925, appellee

did surrender to appellants said leased premises, together with all of said furniture, and on January 31, 1925, appellants took possession of said leased premises and furniture; that no part of said $2,200 has ever been repaid by appellants, or either of them, to appellee.

As conclusions of law on the facts so found, the court stated that appellee is entitled to recover from appellants $2,200, and is further entitled to recover from appellants six per cent interest thereon from January 31, 1925, amounting to $370.32, and costs.

It is to be observed that, as appears by the findings, appellants, on January 29, 1925, offered to appellee that if she would surrender her said lease and the furniture so sold to her, they would return to her the $2,200 paid by her on the furniture. Appellants contend that the finding of the court that on January 31, 1925, appellee did surrender to appellants said leased premises and the furniture is not the equivalent of finding that she did surrender to them the lease. But we think this is entirely too technical for practical purposes. We have no difficulty in understanding that when appellee surrendered to appellants the leased premises and the furniture, she had thereby complied with the terms of appellants' offer. Her money was then due her and no demand was necessary as a prerequisite for bringing suit therefor. More than a year thereafter, to wit, February 13, 1926, the money due appellee had not been paid and suit was commenced, and on November 21, 1926, when the foregoing findings were made, the same had not yet been paid to appellee. Appellants were properly charged with interest on said $2,200 from January 21, 1925, because of the unreasonable delay. Appellants undertake to present that the findings are insufficient because they contain conclusions of fact and law, but the substance of the findings appears above, and it is apparent that there is nothing in this

contention. There is no merit in this appeal. The judgment is affirmed, and ten per cent damages are assessed against appellants in favor of appellee.